# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ALAN D. KOSINSKI,**                    Chapter 7
     Debtor                              Case No. 06-12691-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**STEVEN B. DOUGLAS,**
     Plaintiff
v.                                       Adv. P. No. 06-1400
**ALAN D. KOSINSKI,**
     Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

Steven B. Douglas ("Douglas" or the "Plaintiff") filed a Complaint against Alan D. Kosinski ("Kosinski" or the "Debtor"), seeking a determination that the Debtor obtained money from him by falsely representing that the financial condition of Boston Waves, LLC ("Boston Waves") and Pavilion Realty Trust, two entities for which the Debtor served as manager and trustee, respectively, "were sound and that the Debtor would use the money loaned to him in furtherance of their investment agreement and mutual understanding and subsequently repay Mr. Douglas as well as provide him with a return on his investment." On February 4, 2009, this Court, based upon the testimony and exhibits, including a

1

promissory note executed by the Debtor, determined that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(B). The Court did not enter a money judgment. Rather, it scheduled a hearing to determine the amount of the judgment.

## II. FACTS

On June 4, 2009, the Court conducted an evidentiary hearing to assess damages. Douglas introduced two updated exhibits from the trial setting forth the amount of the debt using simple interest ($181,099) and compound interest ($302,747). Although Douglas testified as to his belief that he was entitled to compound interest, and stated that Kosinski stopped paying the note on October 15, 2004, the question presented hinges on the interpretation of the promissory note drafted by Kosinski. Kosinski, in his capacities as trustee of Pavilion Realty Trust and manager of Boston Waves, executed the note to Douglas in which he promised to pay as follows:

> the sum of SEVENTY FIVE THOUSAND DOLLARS in One balloon payment due within TWELVE months from this date, with interest to be paid Monthly at the rate of THIRTY per cent per annum, during said term, and for such further time as said principal sum, or any part thereof shall remain unpaid. Monthly interest payment of $1,875.00 will be paid by the Fifteenth of each month.

If Kosinski had repaid the note at the expiration of one year with interest at the rate of 30%, Douglas would have been entitled to $22,500 in interest in addition to the principal amount of $75,000. If that amount of interest were paid monthly, Douglas would have been entitled to monthly payments of $1,875.00, the amount set forth in the promissory note. The Court finds that this is compelling evidence that the parties intended that simple interest be used to compute the total debt. Although Douglas pointed to the language "or

2

any part thereof shall remain unpaid" in support of entitlement to compound interest, the Court finds that this phrase pertains to unpaid principal after the expiration of the twelve month term of the note and does not support entitlement to compound interest.

## III. DISCUSSION

A. Positions of the Parties

Douglas, citing Boston Safe Deposit and Trust Co. v. Ralph H. Seifert, 6 Mass. L. Rptr. 410 (Mass. Super. 1997), argues that the 30% interest should be compounded because "this defendant was found to have obtained the money by fraud in his capacity as trustee of a trust and therefore abused his fiduciary obligations when he did so."

In the Seifert case, the defendant was found to have breached his fiduciary duty as trustee of the Bristol-Norfolk Development Trust (the "BND Trust") and to have engaged in tortious non-disclosure of the sale of BND Trust property for his own benefit. The Massachusetts Superior Court, Department of the Trial Court determined that it had "wide discretion in determining the appropriate rate of interest on funds improperly secured by breach of fiduciary duty." 6 Mass. L. Rptr. at *6. The court rejected the defendant's position that a 5% interest rate should apply, electing instead to use the legal rate of interest of 6% set forth in Mass. Gen. Laws ch. 107, § 3 (in the absence of agreement or provision of law, the interest of money shall be at the rate of six dollars on each hundred for a year subject to exceptions). See also Mass. Gen. Laws ch. 231, § 6C (for actions based on contractual obligations or a verdict, contract rate or 12% per annum from the date of breach or demand).

The Seifert court considered an award of compound interest because the defendant's actions "constituted "egregious violations of his obligations as a fiduciary of the BND Trust." 6 Mass. L. Rptr. at *7.  It stated:

> Compound interest is appropriately awarded where, as here, there is an element of fraud or personal gain by a trustee. "Compound interest sometimes is allowed to prevent a fiduciary who has acted dishonestly from acquiring unjust profit or gain and for the purpose of affording a just and equitable settlement." Arnold v. Maxwell, 230 Mass. 441,445 (1918) (citations omitted). See Boynton v. Dyer, 35 Mass. (18 Pick.) 1, 7 (1836) ("[I]f the trustee suffer the trust money to lie idle, he is chargeable with simple interest, but if he converts it to his own use or employ it in his own business or trade, he is liable for compound interest."); Forbes v. Ware, 172 Mass. 306, 310 (1899) (negligence, unlike fraud, does not warrant awarding compound interest). Whether to award compound interest is left to the discretion of the court. In exercising that discretion, a court should take into account the nature and degree of the misconduct and the circumstances of the case. Shulkin v. Shulkin, 301 Mass. 184, 195 (1938).

Seifert, 6 Mass. App. Ct. at *6.

Kosinski argues that Douglas is not entitled to compound interest because of "'the ancient unwillingness to allow compound interest.'" Ellis v. Sullivan, 241 Mass. 60, 64 (1922) (citations omitted).  The court in Ellis observed:

> While this is the general rule, it is not always followed.  In equity interest may be compounded and in the discretion of the court may be allowed where it is necessary for the purpose of affording a just and equitable accounting, particularly where the person charged with its payment is seeking the aid of the court.

Id. (citations omitted).

The United States Court of Appeals for the First Circuit has cited Ellis.  In Berman v. B.C. Assocs., 219 F.3d 48 (1st Cir. 2000), it stated:

> In Massachusetts, compound interest is generally disfavored. See Ellis v.

4

> Sullivan, 241 Mass. 60, 134 N.E. 695, 697 (1922) (recognizing an "'ancient unwillingness to allow compound interest'" (quoting Lewin v. Folsom, 171 Mass. 188, 50 N.E. 523, 524 (1898))). As early as 1906, the Supreme Judicial Court of Massachusetts decreed that interest is simple, "unless there is an express agreement to the contrary." Inhabitants of Tisbury v. Vineyard Haven Water Co., 193 Mass. 196, 79 N.E. 256, 257 (1906); see also Coupounas v. Madden, 401 Mass. 125, 514 N.E.2d 1316, 1321 (1987); Von Hemert v. Porter, 52 Mass. 210, 218 (Mass.1846); D'Annolfo v. D'Annolfo Constr. Co., 39 Mass.App.Ct. 189, 654 N.E.2d 82, 85 (1995). Consequently, compound interest is only permitted in certain proceedings in equity or by express statutory or contractual authority. See Dunne v. City of Boston, 41 Mass.App.Ct. 922, 671 N.E.2d 518, 520 (1996); see also Shapiro v. Bailen, 293 Mass. 121, 199 N.E. 315, 316 (1936) (recognizing exception in equity); Ellis, 134 N.E. at 697 (same).

Berman, 219 F.3d at 50. It added: "the overwhelming majority of Massachusetts cases equate an interest rate "per annum," whether in a contract or a statute, with simple interest." Id. (citing Coupounas v. Madden, 401 Mass. 125, 132 (1987)(in the absence of express agreement, compound interest may not be awarded).

B. Analysis

Prejudgment interest rates are governed by state law. Loft v. Lapidus, 936 F.2d 633, 639 (1st Cir. 1991 (citing Roy v. Star Chopper, 584 F.2d 1124, 1135 (1st Cir. 1078), cert denied, 440 U.S. 916 (1979)). The general rule in Massachusetts and elsewhere is that in the absence of statutory or express agreement by the parties, interest is presumed to be simple interest. See, e.g., Cherokee Nation v. United States, 270 U.S. 476, 490 (1926) ("The general rule, even as between private persons, is that, in the absence of a contract therefor or some statute, compound interest is not allowed to be computed upon a debt."); Berman v. B.C. Assocs., 219 F.3d 48, 50 (1st Cir. 2000); Coupounas v. Madden, 401 Mass. 125, 132 (1987).

In view of the authorities cited above, the Court finds that Douglas has failed to

5

sustain his burden of establishing entitlement to compound interest. The promissory note executed by Kosinski does not expressly set forth that the parties contemplated the accrual of compound interest. The usurious rate of interest for which Douglas notified the Attorney General pursuant to Mass. Gen. Laws ch. 271, § 49(d) adequately compensates him for the loss of his investment. Moreover, contrary to Douglas's suggestion, Kosinski did not breach any fiduciary duties owed to him. Douglas was not a beneficiary of the Pavilion Realty Trust, he did not pursue an action against Kosinski under 11 U.S.C. § 523(a)(4), and this Court made no findings that Kosinski owed or breached any fiduciary duty to Douglas. Thus, the general rule pertains, and this Court shall not exercise its discretion to award compound interest.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter judgment in favor of Douglas and against Kosinski in the sum of $181,099.00.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: July 15, 2009
cc: Jenny L. Redden, Esq., William F. Spallina, Esq.

6